Argued and submitted March 13, affirmed September 11, 1991

In the Matter of the Compensation of
Diane R. Douglas, Claimant.

FAIRLAWN CARE CENTER
and Liberty Northwest Insurance Corp.,
*Petitioners,*

*v.*

Diane R. DOUGLAS,
*Respondent.*

(WCB 88-19222; CA A65929)

816 P2d 1204

Jerald P. Keene, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

Robert E. Nelson, Gresham, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Employer seeks review of a Workers' Compensation Board (Board) order reversing the referee and requiring that it pay temporary total disability benefits to claimant. We affirm.

There is substantial evidence to support the Board's findings:

"Claimant sustained a compensable back injury on June 16, 1988. She subsequently received temporary total disability benefits. In September 1988, after obtaining claimant's physical limitations from the treating physician, the employer offered modified work within the light range to claimant.

"The employer's September 13, 1988 offer letter did not satisfy all the requirements of the administrative rules [OAR 436-60-030(5).][1] Missing was the requirement of specifying a beginning date and time as well as an ending date. The employer's offer asked claimant to call during business hours if she wanted to accept the modified job.[2]

"At the time of injury, claimant was a full time nurse aide on a day-time shift. The modified job offer consisted of light clerical duties during the four-hour period of 10:00 p.m. to 2:00 a.m.

"In September 1988, the insurer reduced claimant's temporary total disability benefits to temporary partial disability when claimant refused the modified employment offer."

The referee concluded that employer's failure to specify starting and ending dates of employment did not nullify the offer,

---

[1] OAR 436-60-030(5) provides, in part:

"An insurer shall cease paying temporary total disability compensation and start making payment of such temporary partial disability compensation as would be due in section (1) when an injured worker refuses wage earning employment prior to claim determination under the following conditions:

"* * * * *

"(c) the *employer* has provided the injured worker with a written offer of the employment which states the *beginning time, date and place;* the *duration of the job, if known;* the wage rate payable, an accurate description of the job duties and that the attending physician has said the offered employment appears to be within the worker's capabilities." (Emphasis supplied.)

[2] The letter stated that, "if you wish to accept the light duty position described in this letter, please contact me at * * * during the hours of 9:00 am - 5:00 pm, Monday - Friday."

because the request that claimant call in to accept the job meant that a specific starting date had not been set and that claimant was "given some leeway" as to when to start the job and to contact employer about her decision. Therefore, the referee determined that employer had complied with the rule.

Before the Board, claimant did not object to the omission of the starting date of employment; rather, she argued that employer did not make the offer in good faith and that the letter did not comply with the rule, because it did not state the duration of the job. The Board concluded that, because the letter did not specify the starting date and duration of the job, it was only in *substantial* compliance with the rule and that, because the rule must be strictly adhered to, substantial compliance is not sufficient. *Eastman v. Georgia Pacific Corp.,* 79 Or App 610, 613, 719 P2d 1310 (1986). We conclude that the Board correctly held that the job offer letter did not adequately specify the starting date of the offered employment. The rule unambiguously requires that the *employer* specify the starting date, *see Eastman v. Georgia Pacific Corp., supra,* not, as employer contends, that question may be left to the claimant.

Affirmed.