Argued and submitted May 15, 1992, affirmed May 12, 1993

In the Matter of the Compensation of
Steven W. Robertson, Claimant,

and

In the Matter of the Complying Status of
Shuman Equipment Company, Employer.

SAIF CORPORATION,
*Petitioner,*

*v.*

Steven W. ROBERTSON
and Shuman Equipment Company,
*Respondents.*

(WCB 90-00264, 90-04391; CA A69780)

852 P2d 212

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Robert D. Wollheim, Portland, argued the cause for respondent Steven W. Robertson. With him on the brief was Welch, Bruun & Green, Portland.

Mark P. Bronstein, Portland, argued the cause for respondent Shuman Equipment Company. On the brief were Richard Wm. Davis and Davis and Bostwick, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

SAIF seeks review of a Workers' Compensation Board order affirming the referee's determination that SAIF provided coverage to employer at the time of claimant's injury. SAIF argues that the Board erred in finding that it failed to provide a written denial of coverage as required by ORS 656.740(2) and that, therefore, coverage was conclusively presumed. We affirm.

Claimant injured his back while working for employer and filed a compensation claim. SAIF denied the claim on the basis that it did not insure employer at the time of claimant's injury. Claimant requested a hearing.

The Department of Insurance and Finance (DIF) investigated the issue of coverage and, on February 14, 1990, issued a proposed and final order finding that employer was noncomplying. Employer requested a hearing on that order and moved that SAIF be joined in the hearing on the issue of compliance.[1] The Board issued a notice of hearing setting both the compliance and compensation hearings for the same date. The referee then issued an order joining SAIF in the compliance case as a possible insurer and stating that the compliance case would be heard in conjunction with the compensation case.

The referee concluded that, because SAIF had not filed a written denial of coverage in the compliance case as required by ORS 656.740(2), it was conclusively presumed to have insured employer at the time of claimant's injury. The referee also found that claimant's injury was compensable and that SAIF should process the claim.

Employer argues that we should not reach the merits of SAIF's assignment regarding coverage, because the Board did not have jurisdiction to review that part of the referee's order. The Board denied employer's motion to dismiss SAIF's appeal of the compliance decision. It concluded that the requests for hearing by claimant on the denial and by employer on the compliance decision had been consolidated for hearing. Consequently, it held that claimant's right to receive compensation was an issue and that it had jurisdiction

---

[1] DIF also moved to join SAIF in the compliance hearing.

to review the referee's order under ORS 656.740(4)(c). We agree.

SAIF assigns error to the Board's conclusion that, under ORS 656.740(2), it was conclusively presumed to have provided coverage. It contends that it complied with the statute by earlier filing a document that denied coverage in the compensation case.

ORS 656.740(2) provides:

"Where any insurance carrier, including the State Accident Insurance Fund Corporation, is alleged by an employer to have contracted to provide the employer with workers' compensation coverage for the period in question, the board shall join such insurance carrier as a necessary party to any hearing relating to such employer's alleged noncompliance and shall serve the carrier, at least 30 days prior to such hearing, with notice thereof. If the carrier does not file with the board, within 20 days of receipt of such notice, a written denial of such coverage, the carrier shall be conclusively presumed to have so insured the employer."

■■ The statute requires that the insurer file a written denial of coverage within 20 days of receiving notice that it is joined in a compliance proceeding. SAIF filed a denial of claimant's claim in the compensation case on the basis that it did not provide insurance coverage to employer. The denial was filed before the order joining SAIF in the compliance case. SAIF argues that the single notice setting both cases for hearing effectively joined it as a party to the compliance hearing. Because the exhibit denying coverage was submitted after the notice of hearing, SAIF asserts that it "strictly complied" with ORS 656.740(2). We disagree. Joinder triggers the statutory requirement for the written denial. ORS 656.740(2). The notice of hearing did not purport to join SAIF; it only set the hearing date for the two cases. If SAIF had not been joined in the compliance case, it would not have had to respond by denying coverage. Joinder of a carrier that an employer alleges has provided coverage is a critical event, and the statutory presumption is not invoked unless there is that allegation made by the joinder motion, and an opportunity to deny coverage. SAIF simply did not respond to the allegation by employer that he was insured by it.

■ SAIF also argues that it "technically" complied with the statute because the denial was filed "within" 20 days of joinder, *i.e.*, within 20 days before joinder. Consequently, SAIF contends, a denial of coverage was already on file with the Board at the time the joinder order was issued. However, that ignores the fact that the compensation and compliance cases proceeded as two separate cases until the hearing. Although SAIF filed a denial in the compensation case, it did not respond to the joinder notice in the compliance case as required by ORS 656.740(2). Its interpretation would require the Board to be aware of and track documents in one case to determine whether procedural requirements have been met in another. We decline to interpret the statute in that manner. A denial filed in another case before joinder does not comply with ORS 656.740(2).

■ ■ Finally, SAIF contends that the filing of the denial of claimant's claim constitutes substantial compliance with ORS 656.740(2). We have held that, when a rule specifically and unambiguously requires the employer to follow a certain procedure, substantial compliance is not sufficient. *Fairlawn Care Center v. Douglas*, 108 Or App 698, 816 P2d 1204 (1991); *Eastman v. Georgia Pacific Corp.*, 79 Or App 610, 719 P2d 1310 (1986). ORS 656.740(2) unambiguously requires an insurer to file a written denial of coverage in response to being joined in a compliance hearing. Because SAIF failed to file an appropriate denial, the Board correctly ruled that SAIF is conclusively presumed to have insured employer at the time of claimant's injury.[2]

Affirmed.

---

[2] SAIF does not contest the compensability of claimant's claim on any grounds other than coverage.